# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *Petitioner*, v. NATIONAL CREDIT SYSTEMS, INC., *Respondent*. | Case No. _____ **DECLARATION OF SARAH BALDWIN IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

Pursuant to 28 U.S.C. §1746, I, Sarah Baldwin, declare as follows:

1. I am an Enforcement Attorney in the Office of Enforcement at the Consumer Financial Protection Bureau (Bureau) and the lead counsel in the Bureau's investigation involving National Credit Systems, Inc. (NCS).

2. I am over 18 years of age and authorized to execute this declaration verifying the facts set forth in the Bureau's accompanying Petition to Enforce Civil Investigative Demand and the accompanying memorandum.

3. The facts set forth in this declaration are based on my personal knowledge or information made known to me in the course of my official duties.

4. I am an attorney on an ongoing Bureau investigation to determine whether debt collectors, furnishers, or other persons violated the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.*, or the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.* and its implementing regulation, Regulation V, 12 C.F.R. Part 1022, in connection with collecting debt and furnishing information to consumer reporting agencies (CRAs).

5. NCS is an Atlanta, Georgia debt collector that collects on consumer debt and furnishes information to CRAs.

6. On October 18, 2022, the Bureau issued a civil investigative demand (CID) to NCS, demanding interrogatory answers, written reports, and documents by November 21, 2022. Exhibit 1 to this Declaration is the CID the Bureau issued to NCS.

7. Exhibit 1 was duly served on NCS by certified mail on October 21, 2022.

8. On October 31, 2022, counsel for the Bureau and NCS met and conferred about the CID in accordance with 12 C.F.R. § 1080.6(c). At the meet and confer, the Bureau asked NCS to provide the Bureau a letter setting out its concerns and objections. NCS has never submitted any such written objection to the specific demands in the CID.

9. On November 9, 2022, NCS filed a petition with the Bureau pursuant to 12 U.S.C. § 5562(f) and 12 C.F.R. § 1080.6(e) seeking an order setting aside the CID. That petition is Exhibit 2 to this Declaration.

10. The Director of the Bureau denied that petition on December 20, 2022. The Director's Order is Exhibit 3 to this Declaration.

11. Exhibit 3 was served on counsel for NCS by email on December 22, 2022. Exhibit 4 is the Bureau email forwarding the Director's Order to counsel for NCS.

12. In its petition, NCS asked that, if its petition was denied, it be given 21 days to comply. The Bureau Director granted that request and gave NCS 21 days after the email service of the Order, *i.e.*, until January 12, 2023, to comply in full with the CID.

13. On January 11, 2023, NCS informed the Bureau that it would not respond to the CID until the United States Supreme Court has resolved the constitutional questions concerning the Bureau's funding mechanism presented in *Community Financial Services Association of America, Ltd. v. Consumer Financial Protection Bureau*, 51 F.4th 616, 624 (5th Cir. 2022), Pet. for Cert. filed, Nov. 14, 2022 (No. 22-448). The letter is Exhibit 5 to this Declaration.

14. NCS has not made any production in response to the October 2022 CID.

15. Each of the CID's 17 interrogatories, 11 requests for written reports, and 27 document requests seek information relating to NCS's debt collection and furnishing of information to CRAs, and potential debt buying activities, in possible violation of Federal consumer financial laws, and are therefore relevant to the Bureau's legitimate inquiry into whether debt collectors or associated persons have engaged in unlawful conduct relating to debt collection or furnishing.

16. A portion of the requested information was previously obtained from NCS in connection with an earlier, now-closed investigation. A CID was issued on July 7, 2020 in connection with that investigation.

17. NCS responded to the 2020 CID on August 21, 2020. The Bureau is not asking the Court to compel a duplicate production of any documents that were produced by NCS in response to the July 2020 CID.

18. The Bureau therefore seeks an order compelling NCS to produce all responsive material not previously provided to the Bureau.

19. The CID was issued by a Deputy Assistant Director of the Office of Enforcement.

20. The CID included a Notification of Purpose advising NCS of the nature of the conduct under investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2023

                                        */s/ Sarah Baldwin*
                                        SARAH BALDWIN