# EXHIBIT

# 5

**BEDARD LAW GROUP, P.C.**

**JOHN H. BEDARD, JR.**
*Licensed Only In GA and TN*

**RONALD S. CANTER**
**OF COUNSEL**
*Licensed Only In DC, FL, MD, PA, VA*

4855 RIVER GREEN PARKWAY
SUITE 310
DULUTH, GEORGIA 30096
678.253.1871
www.**bedardlawgroup**.com

**MICHAEL K. CHAPMAN**
*Licensed Only In GA*

**JONATHAN K. AUST**
*Licensed Only In GA, NC, and FL*

**DAVID A. KLEBER**
*Licensed Only In GA*

January 11, 2023

**Via E-mail: sarah.baldwin@cfpb.gov**

Sarah Baldwin
Consumer Financial Protection Bureau
Office of Enforcement
1700 G Street, NW
Washington, DC 20552

      **Re:**    **National Credit Systems, Inc.**

Dear Ms. Baldwin:

On December 20, 2022, the Director issued his decision denying National Credit Systems, Inc.'s petition to set aside the Bureau's CID. The Director's reasoning for denying the petition mirrors the arguments offered by the Bureau in Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin. Prot. Bureau, No. 21-50826, 2022 U.S. App. LEXIS 29060 (5th Cir. Oct. 19, 2022). As you are aware, these arguments were rejected by the 5th Circuit. My client continues to believe that the 5th Circuit's conclusion that the Bureau's funding mechanism is unconstitutional is correct. Consequently, the Bureau is without authority to expend funds in furtherance of the investigation of my client's business practices.

The Bureau concedes that the 5th Circuit's decision and its conclusion is significant and places at serious risk the Bureau's authority to operate. Quickly following the 5th Circuit's decision, the Bureau petitioned the U.S. Supreme Court for review, urging the Supreme Court to hear the case this term. My client agrees with the Bureau's recent representations to the Supreme Court that the 5th Circuit's ". . .sweeping holdings threaten the validity of virtually every action the CFPB has taken in the 12 years since it was created – as well as its ongoing activities." My client further agrees with the Bureau's representation to the Supreme Court that the 5th Circuit decision has "created severe disruption and uncertainty for the CFPB and for the financial services industry" including my client. The questionable validity of the Bureau's ongoing actions, including this investigation, and the severe uncertainty created in the financial services industry, including the uncertainty plaguing my client, weigh strongly in favor of delaying this investigation for a short time until the Supreme Court answers these important questions. The questions are bona fide. Proceeding with this investigation jeopardizes bedrock constitutional protections enjoyed by my client.

Shocking it would be for the Supreme Court to deny the Bureau's *cert* petition. Also quite surprising would be the Supreme Court's refusal to hear the case during the Court's current term. The serious questions raised by the 5th Circuit decision are likely to be decided by the Court by the end of June, just over 5 short months from now. A short delay in this investigation would not prejudice the Bureau and would protect my client from unconstitutional investigation by the Bureau. A short delay in this investigation advances the shared goal of the Bureau and my client of ensuring the protection of constitutional safeguards. For these



Sarah Baldwin
Page **2** of **2**

reasons, my client will not be responding to the CID until the Supreme Court has resolved the serious constitutional questions surrounding the Bureau's funding mechanism.  In light of the foregoing, my client requests that this investigation be stayed pending the Supreme Court's resolution of these important issues.

Very truly yours,

*John H. Bedard, Jr.*

John H. Bedard, Jr.
Bedard Law Group, P.C.